U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

SEP 27 2007

ROBERT H. SHEM~~~~CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

BENITA ROBINSON

versus

MINACT, INC. D/B/A
SHREVEPORT JOB CORPS

CIVIL ACTION NO. 05-0877
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant,

MINACT, Inc., d/b/a Shreveport Job Corps ("MINACT").  See Record Document

21.  For the reasons set forth below, MINACT's  motion for summary judgment is

**GRANTED**.

## I.  BACKGROUND

Benita Robinson ("Robinson")  asserts that she was retaliated against in

violation of Title VII, contending that she did not receive a raise due to a complaint

of discrimination.  As the facts below will reveal, her claim cannot pass muster.

In September of 1999, Robinson was hired as a Non-Residential Counselor

at the Shreveport Job Corps Center.  In April of 2001, she was promoted to

Counselor Manager.  In February of 2002, as a result of an organizational change, Robinson's  position changed from Counselor Manager to Team Manager.  This new position required her to perform a number of new duties and contained new responsibilities.

Following the reorganization, Lisa Dean ("Dean") became Robinson's immediate supervisor.  Dean did not work at MINACT after April 13, 2003, due to medical reasons.   However, before Dean left MINACT, she completed a performance evaluation for Robinson for 2002-2003 and delivered it to the Human Resources Department.  Dean did not have the opportunity to review Robinson's evaluation with her before departing on medical leave.  From April to July of 2003, Michael Sears was Robinson's  immediate supervisor.  In July of 2003, Lionel Fraser ("Fraser") became Robinson's immediate supervisor.[1]

When the reorganization occurred and MINACT instituted the "team" concept, Robinson's  job performance suffered.   She received a number of disciplinary warnings, which were highly critical of her performance or of the people for whose performance she was responsible. See Record Document 27, Ex. H ("Please  understand that I expect you to carry out all directives given by me in a timely fashion."); Ex. I; Ex. J ("On  Sunday, March 31, 2002, you were

---

[1]Fraser had supervised Robinson in her previous position.

scheduled to check luggage from 7:00 p.m. to 9:00 p.m. You did not report."); Ex. K ("Please be advised that I am very concerned with the operations of the Culinary Arts class. . . . The above concerns must be corrected immediately, or I will recommend other disciplinary action."); Ex. L ("You failed to do this assignment as instructed."); and Exs. M-O.

In July of 2002, Robinson went on a business trip for MINACT. During the trip, she and her co-workers gathered together to take a group picture. Robinson was standing in the back and was asked to come around to the front for the picture. At this point in time, Robinson alleges that Fraser told her that she could sit on his lap, grabbed her hand and pulled her down onto his lap. She asserts that Fraser was disciplined "on the spot" by Center Director, Charlotte McGowan.[2]

Robinson filed no written complaint regarding the incident and she did not report it to any member of MINACT management, claiming she did not do so because Fraser had been immediately chastised. Robinson freely admits that the alleged conduct never occurred again, and Fraser never made any advances towards

---

[2]Whether these incidents in fact occurred (including the alleged act of discipline by McGowan) are disputed issues of fact. They are not, however, disputed issues of material fact. Assuming that the plaintiff's version of these facts is true, her claim nevertheless fails.

her following the incident.[3] Immediately following the work trip, Robinson received

an acceptable performance evaluation from Fraser which resulted in her receiving

a merit increase for that year.  See Record Document 27, Ex. T (Performance

Evaluation Signed by Fraser on 7/15/02).

On or about September 15, 2003--over thirteen months following the incident

with Fraser--Robinson received a letter indicating that, based upon her 2002-2003

evaluation, she would not receive a raise.  See Record Document 27, Ex. P.[4]

Robinson asserts that she did not receive a merit increase in retaliation for her

"complaint" of sexual harassment against Fraser.  She thus filed suit against

MINACT alleging retaliation under Title VII and Louisiana state law.  Thereafter,

---

[3]Robinson does assert other *unsupported* allegations in her memorandum in opposition to MINACT' s motion for summary judgment.  However, "[u]nsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence."  Larry v. White, 929 F.2d 206, 211 n. 12 (5th Cir. 1991).  It is insufficient for Robinson to rest "merely upon conclusory allegations, improbable inferences, and unsupported speculation" in responding to the instant motion for summary judgment.  Michaels v. Avitech, Inc., 202 F.3d 746, 755 (5th Cir. 2000) (quoting Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1449 (5th Cir.1993) (internal quotations omitted)).

[4]Robinson then requested a copy of her evaluation, having first received an unsigned copy.  Robinson later received a signed copy of her evaluation.  Several MINACT supervisors had the authority to review and change Robinson's evaluation before it was finalized.  See Record Document 27, Ex. E at 2.  The scores on the evaluation Robinson ultimately received differed downward by one point (in the area of productivity) from the evaluation Dean had prepared before she left MINACT.

4

MINACT filed a motion for summary judgment, seeking the dismissal of all of Robinson's  claims with prejudice.  See Record Document 21.  Robinson filed a deficient opposition to the motion for summary judgment, which was struck from the record by the clerk of court for failing to comply with numerous local rules.  See Record Document 44.  In response to the notice of deficiency, Robinson filed a document stating simply that she had received notice that the opposition had been stricken from the record which she "fully under[stood]."  Record Document 45. She further stated that the document she filed in an attempt to correct the deficiencies was "prepared  by Circle Enterprise Paralegal Services" and that she was "under  the impression that the Paralegal had corrected all deficiencies as noted on the docket entry, until written notification as mention [sic]."  Id.  Thus, while apparently admitting that the deficiencies were not cured, Robinson then made no attempt to correct them even after receiving notice that her document had been stricken from the record.  In light of these actions, this court can proceed as if the motion for summary judgment remains unopposed.  In addition, pursuant to Local Rule 56.2,[5] all material facts set forth by the moving party are deemed admitted, as

_____

[5]Local Rule 56.2, which addresses oppositions to motions for summary judgment, provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise

they were uncontroverted by the plaintiff.

## II.  LAW AND ANALYSIS

### A.    Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's  case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the  nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004) (citations and

---

statement of the material facts as to which there exists a
genuine issue to be tried.  All material facts set forth in
the statement required to be served by the moving party
will be deemed admitted, for purposes of the motion,
unless controverted as required by this rule.

quotations omitted).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  See Boudreaux v. Swift Transp. Co.,402 F.3d 536, 540 (5th Cir. 2005).

**B.      Retaliation.**

Robinson contends that MINACT retaliated against her in response to a complaint of discrimination in violation of Title VII, which makes it "an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter. . . ."  42 U.S.C. § 2000e-3(a).  Robinson may prove a retaliation claim through direct or circumstantial evidence.  See Fabela v. Socorro Indep. Sch. Dist., 329 F.3d 409, 414 (5th Cir. 2003).  However, as she does not have any direct evidence of retaliation, she must establish her cause of action using circumstantial evidence and the burden-shifting framework as described in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973).

To succeed on her claim, Robinson must first establish a prima facie case by showing that (1) she engaged in activity protected by Title VII; (2) an adverse

employment action[6] occurred; and (3) a causal link existed between the protected

activity and the adverse employment action.  See Harvill v. Westward Commc'ns,

L.L.C., 433 F.3d 428, 439 (5th Cir. 2005).  If Robinson establishes a prima facie

case of retaliation, then MINACT must show a non-retaliatory reason for the

adverse action.  If MINACT meets this burden, Robinson must in turn offer

evidence to create a genuine issue of material fact that MINACT's  reason is not

true, but is instead a pretext for discrimination.  "The ultimate determination is

whether, 'but for'  the protected conduct, the employer would not have engaged in

the adverse employment action."  Douglas v. DynMcDermott Petroleum Operations

Co., 144 F.3d 364, 372 (5th Cir. 1998) (citations omitted); Septimus v. Univ. of

Houston, 399 F.3d 601, 608 (5th Cir. 2005) ("This  court has consistently required

a 'but for'  standard for proving causation on a Title VII retaliation claim brought

under the pretext framework.").

------------

[6]The Supreme Court recently issued an opinion altering the standard for an adverse employment action. See Burlington N. & Santa Fe Ry. Co. v. White, --- U.S. ---, ---, 126 S. Ct. 2405, 2414-15 (2006).  The Court held that Title VII's anti-retaliation provision is not limited to "ultimate  employment decisions," but that an act of retaliation is actionable if "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at ---, 126 S. Ct. at 2415.  However, this change in the law does not impact this court's analysis of Robinson's retaliation claim.

### 1.   Prima Facie Case.[7]

Robinson contends that she was retaliated against for complaining about sexual harassment, resulting in the denial of a pay increase following her 2002-2003 evaluation.   The sexual harassment incident involved Fraser allegedly pulling Robinson onto his lap while MINACT employees were gathering together to take a group photograph.   As previously mentioned, Robinson must prove a prima facie case of retaliation by first showing that she engaged in an activity protected by Title VII. A protected activity is "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII."   Mota v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 519 (5th Cir. 2001) (citing 42 U.S.C. § 2000e-3(a) and Evans v. City of Houston, 246 F.3d 344, 352-53 (5th Cir. 2001)).

Robinson has not engaged in a protected activity.  This conclusion is merited by reviewing the cases of Frank v. Harris County, 118 F. App'x  799 (5th Cir.

---

[7]As explained supra, Robinson's  opposition was stricken from the record due to numerous deficiencies.  However, even if the court were to consider the stricken opposition, Robinson's  claim would nevertheless fail.  Robinson's  entire opposition consists of unsworn statements unsupported by affidavits or deposition testimony. See Record Document 36.  For example, Robinson has relied upon four typewritten statements from former or current MINACT employees, none of which are admissible summary judgment evidence. See Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 515 (5th Cir. 2001) (co-worker's  unsworn statement is not competent summary judgment evidence under Rule 56(e)).

2004) and <u>LeMaire v. La. Dept. of Transp. & Dev.</u>, 480 F.3d 383 (5th Cir. 2007).

In <u>Frank</u>, the plaintiff claimed she was terminated for rejecting, yet not reporting, numerous sexual advances of her supervisor. The plaintiff argued that the protected activity she engaged in was her "express rejection" of sexual advances. The Fifth Circuit concluded that the plaintiff "provided no authority for the proposition that a single 'express rejection' . . . constitutes as a  matter of law a protected activity for purposes of retaliation." <u>Id.</u> at 804. Similarly, in <u>LeMaire</u>, the Fifth Circuit denied the plaintiff's  claim because the mere rejection of a sexual advance was not a "protected  activity" under Title VII' s retaliation provisions.  <u>See id.</u> at 389 (citing <u>Frank</u>).  Robinson does not contest MINACT's  assertion that she never complained of sexual harassment to anyone at MINACT.[8]  As in <u>Frank</u> and <u>LeMaire</u>, Robinson's  claim must fail.  The absence of a "protected  activity" is fatal to her ability to establish a <u>prima facie</u> case of retaliation.

Even if Robinson had participated in a protected activity, she nevertheless fails to establish the third condition of a <u>prima facie</u> case, which requires her to

---

[8]Robinson, however, asserts that she felt it to be "unnecessary" to report the alleged harassment due to the supposed immediate reprimand of Fraser. Regardless of her feelings, Robinson had the obligation to report any alleged harassment. Her self-serving statement in her opposition memorandum that she felt it unnecessary to report the incident does not transform the activity, or lack thereof, into a protected one.

10

demonstrate that a causal link existed between the adverse employment action and the protected activity.  In support of a causal link, Robinson contends that prior to the Fraser incident, she had always received a merit increase.  As previously mentioned, immediately following the alleged incident, Robinson received a merit increase, recommended by her alleged spurned harasser.  In addition, a time period of over thirteen months elapsed between the alleged incident with Fraser and Robinson's  failure to receive a merit increase.  The lack of close temporal proximity of the "complaint"  and the alleged adverse action suggests there exists no causal connection.  Futhermore, Robinson fails to explain how her rejection of Fraser's  alleged advance, which by her own admission consisted of unexpressed disapproval and was not reported to MINACT or the EEOC prior to her failure to receive a pay raise, caused her failure to receive a pay raise.  There simply is no causal link between Robinson's  failure to receive a pay increase and any alleged protected activity.

### 2.    Legitimate, Non-Retaliatory Reasons.

Assuming, for the sake of argument only, that Robinson could establish a prima facie case of retaliation under the McDonnell Douglas framework, which she clearly has not done, she nevertheless failed to rebut the legitimate, non-retaliatory reasons offered by MINACT for her failure to receive a pay raise.  In addition,

Robinson has failed to offer any evidence that the failure to receive a pay raise would not have occurred but for any protected activity.

MINACT proffered numerous exhibits with its motion for summary judgment evincing Robinson's  well-documented problems at work.   Robinson received multiple reprimands from her supervisors complaining of various issues, from tardiness and absenteeism to failure to supervise adequately.  See Record Document 27, Exs. H - O.  The foregoing reasons, in addition to numerous others supported by the documentary evidenced proffered by MINACT, satisfy and far exceed MINACT's  burden to produce a legitimate, non-discriminatory basis for not giving Robinson a pay raise.   Robinson has not carried her burden of proving that the proffered reasons are a pretext for discrimination.

The ultimate determination in the summary judgment context is whether, viewing all of the evidence in the light most favorable to the plaintiff, a reasonable factfinder could infer discrimination.  See Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir. 2000); Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143, 120 S. Ct. 2097, 2106 (2000).   Robinson has presented insufficient evidence of pretext to support a reasonable inference of discrimination in this case, and she has failed to demonstrate a genuine issue of material fact as to whether MINACT's employment action was illegally motivated. Furthermore, her "[m]ere

12

allegations . . . setting forth ultimate or conclusory facts and conclusions of law are not enough" to defeat a motion for summary judgment, or to raise a reasonable inference of retaliation. Bynum v. FMC Corp., 770 F.2d 556, 576 (5th Cir. 1985). See also Richardson v. Oldham, 12 F.3d 1373, 1378 (5th Cir. 1994) ("Mere conclusory allegations are not competent summary judgment evidence . . . .").

### III. CONCLUSION

Viewing all of the summary judgment evidence in the light most favorable to Robinson, the court holds that no reasonable factfinder could infer retaliation therefrom.[9] Accordingly, for the reasons stated above, MINACT's motion for summary judgment (Record Document 27) is **GRANTED**. A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 27ᵗʰ day of September, 2007.

JUDGE TOM STAGG

---

[9]Robinson's claims for retaliation under La. R.S. § 21:332 and La. R.S. § 51:2256 are **DISMISSED**, as neither statute provides a cause of action in the employment context. Furthermore, Robinson appears to have abandoned such claims, as she failed to address either in her deficient memorandum in opposition to the summary judgment.